UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSICA TOWNS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

GOYARD ECOM, LLC

Defendant.

---

Docket No. 1:26-CV-2579

**FIRST AMENDED CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, JESSICA TOWNS**,** ("Plaintiff" or "Ms. Towns"), on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, JOSEPH & NORINSBERG, LLC, as and for their putative class action complaint upon Defendant, GOYARD ECOM, LLC ("Goyard " or "Defendant"), hereby alleges as follows:

**INTRODUCTION**

1. Plaintiff Jessica Towns, a resident of Bronx County, is permanently disabled due to posterior vitreous detachment, resulting in total blindness in her right eye with no light perception. Her left eye has visual acuity below 20/200, rendering her legally blind. This diagnosis is certified by Dr. Michelle Bangiyev, OD, of Pelham Gardens Eye Associates, Bronx, NY, as documented in a medical certification dated January 1, 2025 (see Exhibit A). Ms. Towns cannot read printed materials and relies exclusively on screen-reading software to access digital content.

2. Ms. Towns is a proficient user of the NVDA (NonVisual Desktop Access) screen reader, which she employs daily to navigate digital environments independently. She completed

structured training through Lighthouse Guild programs and uses NVDA to access websites, email, and legal documents with precision. Her fluency in keyboard commands and screen-reading protocols enables her to engage with complex content—including PDF forms and online portals—without assistance. NVDA's compatibility with her preferred assistive technologies is essential to her autonomy and digital access.

3. Plaintiff brings this civil action against Defendant, GOYARD ECOM, LLC, for its failure to design, construct, maintain, and operate its highly interactive website, www.goyard.com (the "Website"), in a manner that is accessible to and independently usable by blind and visually impaired individuals. Defendant's denial of equal access to its Website—and therefore to the essential products and services offered therein—violates Plaintiff's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.

4. Defendant **GOYARD ECOM, LLC** ("Goyard") owns, operates, and controls the commercial retail website www.goyard.com, which markets and sells luxury handbags, tote bags, trunks, travel accessories, small leather goods, briefcases, wallets, pouches, pet accessories, and other products bearing the Goyard brand. The Website functions as a fully interactive e-commerce platform offering product listings, detailed descriptions, product imagery, size and color options, an online shopping cart, checkout functionality, a store locator, customer-account management, and brand-heritage content including "The Goyard Gazette." Defendant's failure to design, maintain, and operate its Website in a manner accessible to blind and visually impaired consumers denies Ms. Towns, and all similarly situated individuals, the full and equal enjoyment of these goods, services, and privileges in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.

5. On multiple occasions in 2026, including **January 19, February 22, and March 15, 2026**, Ms. Towns visited www.goyard.com using NVDA with the intent to browse and purchase specific products. During each visit, she encountered multiple accessibility barriers that prevented her from meaningfully browsing or purchasing merchandise. NVDA announced product images only as placeholder text such as “BELBIAPMLTY08CL08P,” “VILLETMMLTY09CL09X,” and “ARTOISPMLTY08CL08P,” instead of meaningful product descriptions. Clickable controls were not keyboard accessible, preventing her from navigating product pages, selecting options, or adding items to her cart.

6. Automated accessibility audits confirm the barriers Ms. Towns personally encountered. A **SortSite Accessibility Validation Report** identified WCAG 2.1 Level A, AA, and AAA violations across **4,929 pages**, including:

 Videos that autoplay longer than 5 seconds without a pause mechanism (WCAG 2.1 A 2.2.2) on 763 pages;

• Fieldset elements lacking required legend labels (WCAG 2.1 A H71) on 153 pages;

• Alt text consisting of image file names such as “VAREN3MMLTY50CL50P” (WCAG 2.1 A F30) on 4 pages;

• Alt text containing placeholders such as “BELBIAPMLTY08CL08P,” “VILLETMMLTY09CL09X,” and “ARTOISPMLTY08CL08P” instead of meaningful descriptions (WCAG 2.1 A F30) on 20 pages, causing NVDA, JAWS, and VoiceOver to read meaningless strings aloud;

• Animated images over 5 seconds long that cannot be paused or stopped (WCAG 2.1 A F7) on 44 pages;

• Clickable controls that are not keyboard accessible (missing tabindex=0) (WCAG 2.1 A F15) on **4,900 pages**;

• Clickable controls lacking ARIA roles (WCAG 2.1 A F54) on 117 pages;

• <div> elements missing required roles (HTML5 ARIA 1.2 / WCAG 2.1 A 4.1.2) on **4,923 pages**;

• Input elements missing required ARIA attributes (WCAG 2.1 A 4.1.2) on **4,914 pages**. These failures collectively render the Website difficult or impossible to use for blind consumers relying on assistive technology.

7. A separate **SortSite Broken Link Report** identified additional failures across **4,923 pages**, including:

• CSS stylesheets served with incorrect MIME types;

• Broken links with empty src or href attributes on **4,922 pages**, causing JavaScript errors and cookie corruption;

• Broken anchor links pointing to non-existent IDs on **2,741 pages**;

• Empty XHR URLs on **4,855 pages**.

These broken links and errors disrupt navigation, prevent access to customer-service resources, and create dead ends for screen-reader users who cannot visually recover their place on the page.

8. Defendant's failure to design, maintain, and operate its Website in a manner accessible to blind and visually impaired consumers denies Ms. Towns, and all similarly situated individuals, the full and equal enjoyment of these goods, services, and privileges in violation of the ADA.

9. Plaintiff seeks a permanent injunction requiring Defendant to remediate the Website's accessibility barriers, adopt accessibility policies and governance, and ensure that the Website is—and remains—fully accessible to blind and visually impaired users in compliance with WCAG 2.1 guidelines.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, as Plaintiff alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.

11. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, including those under the New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., ("NYCHRL") and § 296 et seq.; and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in Bronx County, accessed and attempted to use the Website from her home within this District, and suffered injury here.

13. Defendant **GOYARD ECOM, LLC** is a New York limited liability company with its principal place of business located at **20 East 63rd Street, New York, NY 10065**. Defendant conducts substantial, continuous, and systematic business within this District by marketing, advertising, and selling luxury leather goods, handbags, trunks, travel accessories, and related products to New York consumers through its highly interactive commercial website, www.goyard.com, and through its physical retail store at the same Manhattan address. Defendant

purposefully avails itself of the privilege of conducting business in New York and has sufficient minimum contacts to establish personal jurisdiction. Courts have repeatedly held that such purposeful, repeated online commercial activity establishes sufficient minimum contacts for personal jurisdiction. See *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. ___ (2021).

14. Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, accessed the Website from within this District, and suffered injury here.

## THE PARTIES

15. Plaintiff **JESSICA TOWNS** is a legally blind resident of Bronx, New York, and is registered with the New York State Commission for the Blind. As documented in a January 4, 2025 medical evaluation by **Dr. Michelle Bangiyev, OD**, of Pelham Gardens Eye Associates, Ms. Towns has been diagnosed with **Posterior Vitreous Detachment**, resulting in legal blindness with visual acuity not exceeding 20/200 in her better eye with best correction. Her vision loss is permanent and non-reversible. Ms. Towns resides at **1770 Grand Concourse, Apt. 2B, Bronx, New York 10457**.

16. Defendant **GOYARD ECOM, LLC** is a New York limited liability company with its principal place of business located at **20 East 63rd Street, New York, NY 10065**. Defendant owns, operates, controls, and maintains the commercial retail website www.goyard.com, which markets and sells luxury handbags, tote bags, trunks, travel accessories, small leather goods, briefcases, wallets, pouches, and pet accessories to consumers throughout the United States and internationally

17. Defendant markets, advertises, and sells its products directly to New York

consumers through its Website, transmits digital content to users located within this District, and maintains a highly interactive commercial platform that allows consumers to browse products, view detailed imagery and descriptions, select options, and complete purchases online.

18. At all relevant times, Defendant has continuously conducted business within the Southern District of New York by offering its goods and services to residents of this District through its Website and by operating a physical retail store at **20 East 63rd Street, New York, NY 10065**.

## NATURE OF ACTION

19. This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant's operation of a public-facing website that denies blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of this District, attempted to access Defendant's website using screen-reading software but encountered multiple access barriers that prevented meaningful engagement with its services. Defendant's failure to design and maintain its website in accordance with the Web Content Accessibility Guidelines (WCAG 2.1) constitutes unlawful discrimination and violates federal accessibility standards.

20. Defendants' website functions as a commercial place of public accommodation subject to Title III of the ADA and the NYCHRL. At all relevant times, Defendant GOYARD ECOM, LLC has maintained control over the design, coding, and digital infrastructure of the Website and are responsible for ensuring its compliance with applicable accessibility standards, including the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA. Although the Website includes nominal references to accessibility, it lacks meaningful ARIA labeling, semantic

structure, and keyboard operability across key interactive features. These deficiencies render the Website inaccessible to blind users and place Defendants on constructive notice of noncompliance.

21. The Internet has become a vital source of information and a primary tool for conducting everyday activities such as shopping, learning, banking, researching, and communicating—for sighted, blind, and visually impaired individuals alike.

22. In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services offered online.

23. Plaintiff Jessica Towns is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the NYCHRL. She relies exclusively on screen-reading software such as NVDA to access digital content and has completed formal training through Lighthouse Guild programs to maintain independence through assistive technology.

24. Plaintiff attempted to access Defendant's website on multiple occasions from her residence in Bronx County, including on January 19, February 22, and March 15, 2026. During these visits, she sought to create an account, browse product offerings, utilize interactive features, and complete a purchase. However, she encountered persistent access barriers—including

unlabeled buttons, inaccessible form fields, broken keyboard navigation, and missing alt text—that prevented her from completing any transaction without sighted assistance.

25. These barriers are documented in three independent accessibility audits conducted by Plaintiff's counsel: (1) a SortSite Accessibility Validation Report identifying WCAG 2.1 Level A and AA violations across **4,929 pages**; (2) a SortSite Broken Link Report confirming inaccessible navigation paths, empty href and src attributes, and failed anchor targets across **4,922 pages**; and (3) a SortSite Standards/Quality Report identifying widespread structural errors, missing ARIA roles, and non-semantic HTML across thousands of pages. These reports place Defendant on constructive notice of noncompliance and confirm that the Website remains inaccessible to blind users. Exhibit B

26. Plaintiff was specifically interested in purchasing the **Saint Louis PM Tote Bag** and the **Senat MM Pouch**, both of which are marketed as signature Goyard products reflecting the brand's heritage craftsmanship and functional design. Due to the Website's failure to provide accessible product descriptions, navigable purchase flows, and properly labeled interactive elements, Plaintiff was deterred from and unable to independently evaluate or purchase either item.

**<u>FACTUAL ALLEGATIONS</u>**

27. On January 19, 2026, Plaintiff visited Defendant's Website with the genuine intent to review and purchase the **Saint Louis PM Tote Bag**, one of Goyard's signature products. The Saint Louis PM Tote Bag is a globally recognized, brand-specific item made of Goyardine coated canvas, a proprietary material exclusive to Goyard. Because Goyard does not sell its products through third-party retailers, and because the Saint Louis PM Tote Bag is not

available from any other manufacturer, Plaintiff could only obtain this product directly from Defendant's Website or Defendant's physical stores.

28. Upon reaching the product listing, Plaintiff attempted to use NVDA to confirm she was on the correct product page, review the product's appearance, understand the product's features, identify the "Add to Cart" control, and proceed through the purchasing flow. NVDA did not announce any meaningful product description. Instead, NVDA read the primary product image as **"BELBIAPMLTY08CL08P"**, a meaningless placeholder string identified in Defendant's own SortSite Accessibility Validation Report as improper alt-text (WCAG 2.1 A F30). Because the product image lacked meaningful alternative text, Plaintiff could not independently perceive the product's appearance, color, pattern, or distinguishing features.

29. The Saint Louis PM Tote Bag page also contained **empty links and empty buttons**, causing NVDA to announce controls as "button" or "link" without any label. These unlabeled controls prevented Plaintiff from determining which element corresponded to the "Add to Cart" function, which element expanded product details, and which element allowed her to proceed to checkout. SortSite confirms that Defendant's Website contains **4,900 pages** with clickable controls lacking keyboard accessibility (WCAG 2.1 A F15) and **117 pages** with clickable controls lacking ARIA roles (WCAG 2.1 A F54). These failures directly prevented Plaintiff from activating the controls necessary to purchase the Saint Louis PM Tote Bag.

30. The same page also contained **broken links with empty href attributes**, causing NVDA to announce "link" without any destination. SortSite's Broken Link Report identifies **4,922 pages** with empty href or src attributes. Because these broken links disrupted

navigation and caused NVDA to lose focus, Plaintiff could not reliably move through the product page or proceed to checkout.

31. As a result of these barriers, Plaintiff was unable to independently evaluate or purchase the Saint Louis PM Tote Bag. She was forced to abandon the transaction because she could not confirm the product's identity, could not perceive the product's appearance, could not identify the correct purchasing controls, and could not navigate the page without losing her place.

32. On February 22, 2026, Plaintiff returned to Defendant's Website to review and purchase the **Senat MM Pouch**, another brand-specific Goyard product made of Goyardine coated canvas. The Senat MM Pouch is not sold by any other retailer and cannot be purchased from any competitor. Plaintiff specifically sought this item because it is designed to match Goyard's tote bags and travel accessories, and because she intended to use it as an organizational accessory for her personal belongings.

33. Upon reaching the Senat MM Pouch listing, NVDA again failed to announce meaningful product information. Instead, NVDA read the primary product image as **"VILLETMMLTY09CL09X"**, another placeholder string identified in Defendant's SortSite report as improper alt-text (WCAG 2.1 A F30). Because the image lacked descriptive alt-text, Plaintiff could not determine the pouch's size, color, pattern, or design.

34. The Senat MM Pouch page also contained **empty buttons**, **empty links**, and **missing ARIA labels**, causing NVDA to announce interactive elements without any purpose. Plaintiff could not determine which control allowed her to select the item, which control added it to her cart, or which control allowed her to proceed to checkout. SortSite confirms that

Defendant's Website contains **4,914 pages** with missing ARIA attributes (WCAG 2.1 A 4.1.2) and **4,923 pages** with missing required roles on <div> elements (HTML5 ARIA 1.2). These failures prevented Plaintiff from operating the purchasing controls in a predictable, intelligible manner.

35. The Senat MM Pouch page also contained **broken anchor links** pointing to nonexistent IDs, including **id=VILLETMMLTY09CL09X**, **id=BELBIAPMLTY08CL08P**, and **id=ARTOISPMLTY08CL08P**, all of which appear in Defendant's Broken Link Report. Because these anchors did not exist, NVDA could not navigate to the intended sections of the page, causing Plaintiff to lose her place and preventing her from completing the transaction.

36. As a result of these barriers, Plaintiff was unable to independently evaluate or purchase the Senat MM Pouch. She could not confirm the product's identity, could not perceive the product's appearance, could not identify the correct purchasing controls, and could not navigate the page without losing her place.

37. On March 15, 2026, Plaintiff attempted once more to purchase the Saint Louis PM Tote Bag and the Senat MM Pouch. She again encountered the same barriers: placeholder alt-text strings ("BELBIAPMLTY08CL08P," "VILLETMMLTY09CL09X," "ARTOISPMLTY08CL08P"), empty buttons, empty links, missing ARIA roles, missing tabindex attributes, broken anchors, and broken href attributes. These barriers prevented her from confirming product identity, accessing product information, activating purchasing controls, and completing checkout.

38. Plaintiff's interest in these products is genuine, concrete, and non-speculative. She did not visit Defendant's Website as a tester. She visited because Goyard's products are **unique,**

**non-fungible, brand-specific items** that cannot be purchased from any other retailer. The Saint Louis PM Tote Bag and Senat MM Pouch are not available through department stores, online marketplaces, or third-party sellers. Plaintiff could only obtain these items directly from Defendant.

39. Because Plaintiff is legally blind, accessible online shopping is essential to her independence. In-person shopping requires sighted assistance to identify products, review labels, compare options, and complete purchases, compromising her privacy and autonomy. Defendant's inaccessible Website deprived her of the independence afforded to sighted consumers.

40. Plaintiff intends to return to Defendant's Website promptly once the accessibility barriers are removed in order to complete the purchases she previously attempted and to browse additional Goyard products. Her desire to return is strengthened by the fact that Goyard's products are durable, long-lasting, and designed to be used together, making future purchases likely.

41. Defendant has failed to take reasonable steps to test, remediate, or maintain its Website in an accessible condition. SortSite identifies **WCAG 2.1 Level A, AA, and AAA violations across 4,929 pages**, confirming that the barriers Plaintiff encountered are systemic and pervasive.

42. Plaintiff has suffered past injury in fact through her inability to independently access and purchase the specific products identified above. She faces a real and immediate threat of future harm because she intends to return to the Website once it is made accessible.

43. Plaintiff's injuries are directly traceable to Defendant's failure to maintain an accessible Website and are redressable through the injunctive and other relief requested herein.

44. Because of the distinctiveness of Goyard's products based on its reputation for craftsmanship and durability, not to mention its iconic design, Plaintiff remains interested in purchasing these items and intends to return to the Website once it is remediated. Defendant's ongoing failure to provide equal access constitutes a denial of goods and services and causes ongoing deterrence to Plaintiff purchasing products from Goyard on its site.

45. Plaintiff has suffered concrete harm, including exclusion, frustration, humiliation, and loss of autonomy. These injuries are directly traceable to Defendant's conduct and are redressable through injunctive relief.

## CLASS ACTION ALLEGATIONS

46. Plaintiff Jessica Towns brings this action on behalf of herself, and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access www.goyard.com and were denied equal access to its products, services, and support due to persistent digital accessibility barriers during the relevant statutory period.

47. Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the City and State of New York who have attempted to access www.goyard.com and were similarly denied equal access due to the same systemic barriers.

48. Common questions of law and fact exist among the Class, including:

- Whether www.goyard.com qualifies as a "public accommodation" under Title III

of the ADA;

- Whether Defendant's Website constitutes a "place or provider of public accommodation" under the NYCHRL;
- Whether the website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to Defendants products, services, and support;
- Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in the digital marketplace.

49. Plaintiff's claims are typical of the Class. Like other blind individuals, she relies on screen-reading software and keyboard navigation to access online platforms. She encountered the same systemic barriers—unlabeled buttons, inaccessible forms, mouse-dependent controls, and unreadable product specifications—that affect all Class members.

50. Plaintiff will fairly and adequately represent the interests of the Class. She has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the website's accessibility barriers.

52. Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

53. Maintaining this action as a class proceeding will promote judicial economy by

avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use www.goyard.com and faced exclusion.

54. The deficiencies in the Goyard website are systemic, and affect all blind individuals besides the Plaintiff.

55. In failing to provide a website that is equally accessible to blind and sighted persons, Goyard engages in a policy and practice that has a disparate impact on persons with disabilities. As such, Plaintiff was not required under the caselaw of this District to notify Goyard before attempting to use the site that she had a disability or seek a modification or accommodation from Goyard.of its site before filing this action.

**FIRST CAUSE OF ACTION**
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.)***

56. Plaintiff, JESSICA TOWNS,on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

57. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

58. Defendant's Website that is offered as a link to the company is a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

59. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to

deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

60. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

61. The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits her major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other

patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as the violations are ongoing.

62. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

## SECOND CAUSE OF ACTION
## (Violations of the New York City Human Rights Law)
## ("NYCHRL")

63. Plaintiff, JESSICA TOWNS, on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

64. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

65. Defendant is subject to NYCHRL because it owns and operates the Website www.goyard.com, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

66. Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Website, causing the Website www.goyard.com and the

services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

67. Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

68. Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

a. constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

b. constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

69. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

70. As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the

full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

71. Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

72. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

73. Plaintiff is also entitled to reasonable attorneys' fees and costs.

74. Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
**(New York State Human Rights Law)**
**("NYSHRL")**

75. Plaintiff, JESSICA TOWNS, on behalf of herself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

76. At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

77. Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a

substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

78. Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Website, within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

79. Plaintiff has visited the Website on a number of occasions and has encountered barriers to his access that exist.

80. Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

81. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

82. Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-

impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

83. The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

84. Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

85. Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

86. Absent injunctive relief, Defendant's discrimination will continue against Plaintiff

and Subclass, causing irreparable harm.

87. Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

**FOURTH CAUSE OF ACTION**
**(Violation of New York State Civil Rights)**
**("NYCRL")**

88. Plaintiff, JESSICA TOWNS, on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

89. Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

90. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

91. No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

92. § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical,

mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

93. Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

94. Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

95. Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

96. Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id.*..

97. Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

## **FIFTH CAUSE OF ACTION**
### **(Declaratory Relief)**

98. Plaintiff, JESSICA TOWNS, on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully

set forth herein.

99. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

100. A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code

§ 8-107, et seq., and the laws of New York;

d. An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e. Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the New York State Civil Rights Law;

f. Pre-judgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
September 4, 2026

Respectfully submitted,
**JOSEPH & NORINSBERG, LLC**
*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
rschonfeld@employeejustice.com